CHARLES E. INNES, Respondent, v. NICHOLAS W. RYAN and
JAMES McFERRAN, Appellants.

APPEAL by the defendants from a judgment of the Municipal
Court of the city of New York, borough of Manhattan, ren-
dered in favor of the plaintiff upon a trial had before the court
without a jury. The nature of the action and the material facts
are stated in the opinion.

Whalen & Dunn (James A. Dunn, of counsel), for appellants.

Woods, Barnes, Deane & Callaghan (Parker K. Deane, of
counsel), for respondent.

GIEGERICH, J. The plaintiff was employed by the defendants
to do for a fixed price all the plumbing in a building belonging
to the latter. While the work was in progress, thieves entered
the building and stole a considerable amount of material, most
of which had been put in place, such as faucets, lead pipes, traps,
etc. Thereafter the plaintiff, as he testifies, had a conversation
with one of the defendants in which he refused to replace the
stolen parts, unless paid for so doing. The defendant replied
that they wanted to get a loan on the building at once, to go
ahead and do the work and he would get paid for it. The plain-
tiff did as directed and in this action seeks to recover the reason-
able value of the labor and material so furnished.

A motion was made when the plaintiff rested, to dismiss the
complaint on the ground that it had been shown that there was a
general contract to do the plumbing on the building, including
the work in suit, that no time of payment was mentioned in such
contract and consequently that the property was not the defend-
ants' until the work was completed and turned over to them.

This motion to dismiss, however, does not present all the facts
in the case, and it is therefore unnecessary to consider what would
be the law upon such a state of facts as the motion assumes.

The rights of the parties do not rest upon the original contract,
but upon the special agreement for replacing the particular work
concerned in this suit. No suggestion was made upon the trial,
nor is it now made, that the new agreement was without con-
sideration to support it. That there was such consideration would
appear from the fact that one of the defendants had told the
plaintiff, according to the latter's testimony, that they had a

watchman in the building and from the fact that the defendants so readily recognized that the loss fell upon them, and not on the plaintiff, and, that the latter was entitled to be paid again for the work required to be done again. If it were plain that it was the plaintiff's duty to do such work without extra compensation, then there would be nothing to support the defendants' promise. But, whatever the rights and obligations of the parties under the original contract may have been, it is obvious that a ground for a bona fide dispute was presented by the fact that the defendants had assumed the duty of guarding the building at night. Under such circumstances the defendants are concluded by their agreement, the benefit of which they received.

This view which we take of the case renders it unnecessary for us to discuss the question whether the defendants were entitled under their general denial to prove that the work sued for was all embraced in the original contract. Assuming that such was the fact, the evidence would be ineffectual under the other circumstances testified to by the plaintiff.

The judgment should be affirmed with costs.

FREEDMAN, P. J., and GREENBAUM, J., concur.

Judgment affirmed with costs.